USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/25/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JASON L. COLEMAN,

Plaintiff pro se,

-against-

APPLIED BANK, et al.,

Defendants.

10 Civ. 9429 (WHP)

ORDER

WILLIAM H. PAULEY III, District Judge:

Plaintiff pro se Jason L. Coleman ("Coleman") brings this action against Defendants Applied Bank, First Premier Bank, Mastercard, Inc., and Visa, Inc., alleging that Defendants, inter alia, unlawfully changed the terms of his credit agreements, raised interest rates, and cashed checks without his authorization. Defendants move to dismiss the Complaint in its entirety and to enjoin the Plaintiff from filing further in forma pauperis complaints without first obtaining leave from the Court. For the following reasons, Defendants' motion to dismiss is granted. Defendants' motion for sanctions is denied.

## BACKGROUND

The factual allegations are sparse. They are set forth below in their unedited entirety:

> I own two credit cards, and they are backed by MasterCard and the other backed by Visa. They are First Premier Bank and Applied Bank. Both companies are changing terms of initial agreement. For example, interest rates have gone up. They have also cashed checks without my authorization, and have bounce check in checking account I own. Each card company including Visa and MasterCard make 1 billion dollar a year throughout the country and another billion dollars overseas. There are a lot of people I can

> save that have same problem. I am suing for those people and myself. There are other problems that I have hears about like high ATM fees and credit card swiping machines not always working. This problem cannot be tolerated in society because it can cause starvation if not looked into.

(Compl. dated Dec. 10. 2010, ECF no. 1, at 3.) Coleman seeks $4 billion in damages, asserting that these actions violate the Due Process Clause. (Compl. 2.)

Coleman is a citizen of New York. The Complaint alleges that Defendants are citizens of "New York, Florida, California, South Dakota, and Delaware." (Compl. 2.)

This Court takes judicial notice that since 2009 Coleman has filed five separate actions in this District. In November 2010, for example, Coleman sued, among others, Newport Cigarettes and Phillip Morris seeking an order reducing the cost of cigarettes. (Compl., No. 10 Civ. 8770, ECF No. 2.) This complaint was dismissed sua sponte for lack of subject matter jurisdiction. (Order, No. 10 Civ. 8770, ECF No. 4.) Also in November 2010, Coleman filed an action against the City of New York and St. Luke's Hospital, in which he reasserted claims that had already been decided against him in an earlier case. (Compl., No. 10 Civ. 8676, ECF No. 2.) Again, the complaint was dismissed sua sponte. (Order, No. 10 Civ. 8676, ECF No. 3.)

## DISCUSSION

### I. Legal Standard

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To determine plausibility, courts follow a "two pronged approach." Iqbal, 129 S. Ct. at 1950. "First, although a court must accept as true all of the allegations contained in a complaint,

that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) (internal quotation marks and alteration omitted). Second, a court determines "whether the 'well-pleaded factual allegations,' assumed to be true, 'plausibly give rise to an entitlement to relief.'" Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010) (quoting Iqbal, 129 S. Ct. at 1950). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 129 S. Ct. at 1949 (citation omitted).

A pro se litigant's submissions are held to "less stringent standards than [those] drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Courts must "liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions 'to raise the strongest arguments they suggest.'" Berlin v. United States, 478 F.3d 489, 491 (2d Cir. 2007) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

II. Subject Matter Jurisdiction

    A. Federal Question

"For the purpose of determining whether a district court has federal question jurisdiction pursuant to Article III and 28 U.S.C. § 1331, the jurisdictional inquiry depends entirely upon the allegations in the complaint and asks whether the claim as stated in the complaint arises under the Constitution or laws of the United States." S. New England Telephone Co. v. Global NAPs, Inc., 624 F.3d 123, 132 (2d Cir. 2010) (internal quotations omitted). "A threshold requirement of plaintiff's constitutional claims is a demonstration that in

denying plaintiff's constitutional rights, the defendant's conduct constituted state action." Desiderio v. Nat'l Ass'n of Sec. Dealers, Inc., 191 F.3d 198, 206 (2d Cir. 1999).

Here, Coleman sues four private companies. There is no colorable basis for a finding of state action. Nor has Coleman alleged a violation of any other federal law. Instead, the Complaint can only be read, even liberally construed, as alleging perhaps a breach of contract claim.

B. Diversity

"[D]iversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff." Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978). Coleman alleges that both he and at least one of the Defendants are citizens of New York. Accordingly, there is no diversity jurisdiction.

This case is therefore dismissed for lack of subject matter jurisdiction.

III. Sanctions

In addition to dismissal, Defendants seek to enjoin Coleman from filing further in forma pauperis actions without leave of the Court. "If a litigant has a history of filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system." Hong Mai Sa v. Doe, 406 F.3d 155, 158 (2d Cir. 2005) (internal quotations omitted). The Court of Appeals has set forth the several factors for consider in restricting a litigant's future access to the courts:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed

> an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

Iwachiw v. N.Y. State Dep't of Motor Vehicles, 396 F.3d 252, 528 (2d Cir. 2005).

Coleman has filed five actions in this District in the past two years. Each has met with prompt dismissal, both in the District Court and the Court of Appeals. Each has been frivolous, alleging little more than Plaintiff's general ire towards various entities and lacking any colorable foundation in the law. Moreover, the frivolous nature of these claims and the staggering sums of money sought indicate that Coleman lacks an objective good faith expectation of prevailing. Coleman's conduct throughout this litigation further supports this finding. He failed to submit any opposition to Defendants' motion to dismiss. (Order, ECF No. 23.)

Coleman is proceeding pro se while all other parties have incurred the expense of being represented by counsel. In addition to the cost and burden to the parties, such litigation posses an unnecessary burden on the courts. All of this suggests that sanctions may be warranted. However, this Court is of the view that a warning is the more appropriate course at this time. Accordingly, Coleman is cautioned that further frivolous filings may result in sanctions, including an injunction against further in forma pauperis filings in this District without leave of the Court.


CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is granted. The Clerk of Court is directed to termination the motion pending at ECF No. 18.

Dated: August 25, 2011
New York, New York

SO ORDERED:

WILLIAM H. PAULEY III
U.S.D.J.

*Copy mailed to*:

Jason L. Coleman
2235 8th Avenue
Apt #2J
New York, NY 10027
*Plaintiff pro se*

*Counsel of Record*

Dennis Michael Rothman
Lester, Schwab, Katz and Dwyer LLP
120 Broadway
New York, NY 10271
*Counsel for Defendants*